## In re HESSE.
No. 23354.

District Court, N. D. New York.
Sept. 25, 1940.

Joseph J. Mailloux, of Albany, N. Y., for bankrupt.

Borden H. Mills, of Albany, N. Y., for claimant.

Louis Snyder, of Albany, N. Y., for trustee.

MOSCOWITZ, District Judge.

This is a review of an order of the Referee dated July 16, 1940 denying claimant's motion to vacate an order dated October 26, 1939 discharging the trustee, and denying the request for an order directing the trustee to file an accounting. Claimant holds a chattel mortgage on an automobile, the sole asset of the bankrupt, which lien was junior to a prior finance company lien.

It appears that the order for discharge was entered without notice to the claimant on the theory that it was a "no asset" case. See General Order 12, 11 U. S.C.A. following section 53. In this, however, the Referee was in error, since, although there may have been no equity for creditors, there were assets which made it necessary to give notice of the discharge.

The question thus remains whether this defect necessitates a hearing on the matter of a discharge. A review of the circumstances by the Court leads to the conclusion that nothing could be served by a new hearing since the matters which the claimant now seeks to raise have already been determined in proceedings of which he had notice. From an examination of the Referee's order of June 19, 1939 it appears that the only bases of the claimant's objection to the discharge, namely the propriety of certain charges, was determined against the claimant. Admittedly, he had notice of that order, so that the issues which he now seeks to litigate have already been disposed of on full notice.

Moreover, it hardly appears that this motion, made as it is many months after the discharge, is seasonably made.

For the above reason, therefore, the Referee properly denied the claimant's motion.

Settle order on notice.